## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

**Date: December 11, 2008**

Courtroom Deputy:  Ginny Kramer
Court Reporter:     Suzanne Claar
Probation Officer:  Michelle Means

_____

**Criminal Case No. 07-cr-00183-REB-4**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Michele Korver |
| v. | |
| 4.    LATHA GRANT,<br>            Defendant. | Boston Stanton, Jr. |

_____

## SENTENCING MINUTES
_____

**11:03 a.m.    Court in Session.**

The Defendant is present in court (in custody).

Appearances of counsel.

Court's opening remarks.

The record shall reflect that the Court met with counsel in chambers prior to the commencement of these proceedings.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P.32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the Defendant informs the Court that he has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. §3551.
4. The presentence report and addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3662, 3582(a), and 3553(a)(1)-(7).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

**1.** That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1 [#837] filed December 9, 2008, is **granted.** That the Government's Motion for Decrease for Acceptance of Responsibility [#838] filed December 9, 2008, is **granted**. That the Government's Motion to Dismiss Counts 17, 31, 47, and 67 of the Superseding Indictment is **granted.** That the Defendant's Motion for Downward Departure under guideline Section 4A1.3B is granted, consistent with the foregoing findings of fact and conclusions of law the court, and the following orders of the Court.

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **One Hundred and Eight (108) months.**

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, defendant shall report in person to the probation department within the district to which he is released.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d).

7. That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    • that the defendant shall not violate any federal, state or municipal statute, regulation or ordinance in any jurisdiction or place where he may be during the term of his/her supervised release;

    • that the defendant shall not possess or use illegally controlled substances;

    • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    • that the defendant shall cooperate in the collection of a sample of his DNA;

    • that the defendant shall submit to one drug test within fifteen days from her/his release from prison, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    • that the defendant as directed by his probation officer and at his own expense unless then indigent shall undergo a mental health evaluation and an alcohol substance abuse evaluation, and thereafter, again at his own expense, receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by his probation officer or as or as ordered by the Court;

- that the defendant shall abstain from the use of alcohol and all other intoxicants during the course of any such treatment, therapy, counseling, testing or education;

- that the Probation Department is authorized to release to any person or entity involved in the Defendant's treatment, therapy, counseling, testing or education, all appropriate medical and mental health records including but not limited to the presentence report and its addenda.

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment of $100.00.

11  That the mandatory drug-testing provisions of 18 U.S.C. § 3583 D are enforced.

12. That an order and judgment of forfeiture shall be entered under 21. U.S.C. § 853 as to Count 60 of the Indictment.

13. That presentence confinement shall be determined by the Bureau Prisons under 18 U.S.C. § 3585.

14. That the Court recommends that the Bureau of Prisons place the Defendant in facility facilitating his participation in and completion of the Bureau of Prisons' RDAP program. That in event that the Defendant is not accepted for participation in and completion of the Bureau of Prisons RDAP program, then the Court recommends that the Bureau of Prisons place the Defendant in a facility within the State of Colorado.

15. That the defendant is remanded to the custody of the United States Marshal.

Defendant waives formal advisement of appeal.

**11:50 a.m.   Court in Recess.**
*Total in court time:  00:47 minutes - Hearing concluded*